THE POINT STREET IRON WORKS *vs.* MARY A. TURNER *et al,*

In covenant brought against the grantor of a deed containing full covenants of warranty by the grantee, who had been evicted by the holder of a paramount title, the parties having agreed on the value of the land in question, the eviction having occurred within the period of limitation for action of trespass, which was four years, and no action for mesne profits having been brought:

*Held*, that the plaintiff grantee was entitled to interest on the agreed value for four years prior to the entry of his judgment.

The grantor had been notified to defend the ejectment suit, but neither defended nor notified the grantee that he preferred to make no defence.

*Held*, that the grantee should recover his reasonable expenses and counsel fees paid in defending the title.

COVENANT. Heard by the court on an agreed statement of facts.

This was an action brought by the grantees of a deed containing full covenants of warranty against the heir at law, devisee, and executor of the grantor. The grantees, after entry under the deed, were evicted by the holder of a paramount title from a portion of the premises conveyed to them and covered by the covenants.

*February* 15, 1883.   PER CURIAM.   The parties agree that the damages shall be computed by taking $5,718 as the value of the land from which the plaintiff was evicted.   On that amount we think the plaintiff is entitled to interest from the date of the eviction, and for the length of time prior to that date during which he is liable to account for mesne profits.   *Foster* v. *Thompson*, 41 N. H. 373 ; *Cox's Administrators* v. *Henry*, 32 Pa. St. 18 ; *Flint* v. *Steadman*, 36 Vt. 210.   The limitation of the action of trespass is four years.   If, therefore, as we understand, no action for mesne profits has been commenced, the computation of interest will begin at a day four years prior to the entry of the judgment herein.

As to the question of costs incurred in defending the ejectment : the parties are agreed that the defendants are liable for the proportional part of the costs found by comparing the whole amount of the land recovered in that suit, with the portion thereof which was conveyed by the deed declared on in this suit.   The only question remaining is whether expenses and counsel fees paid by the plaintiff in defending the former suit shall be allowed as part of the costs.   On this question there is conflict between cases of good authority.   Rawle on Covenants for Title, cap. ix. pp. 308 *et sq. ;* Sedgwick Leading Cases, 10 ; Sedgwick on Damages, 174. We think the better rule to be that where, as in this case, the person bound by the covenant has been notified to come in and has neglected to do so, and has not notified the defendant in ejectment that he prefers to make no defence, he should be liable for such reasonable expenses and counsel fees as have been incurred in defending the title.   In this case we do not think the amounts charged by the plaintiff are unreasonable.

*John D. Thurston*, for plaintiff.

*Levi Salisbury & Charles M. Salisbury*, for defendant.