JAMES GALUSHA WEATHERHEAD, AP'T, v. EDGAR W. STODDARD, EX'R OF PHŒBE MARY HOPE WEATHERHEAD'S WILL.

*Will. Vested Estate. Contingent Estate.*

No estate will be held contingent unless very decided terms are used in the will, or it is necessary to hold the same contingent in order to carry out the other provisions or implications of the will; thus, the testator bequeathed his estate to trustees in trust for his daughter. They were directed to apply, if necessary, the whole income to her education and maintenance, and, when she should arrive at eighteen or be married, it was discretionary with them whether or not to deliver to her the whole estate. In case the legatee died before eighteen the estate was disposed of by bequests over. She was never married and died at twenty-three, with the funds in the possession of the trustees; *Held*, that the daughter took a vested estate at least when she was eighteen, which, upon her decease, passed to her devisees.

APPEAL from a decree of the Probate Court. Heard on an agreed statement of facts and the will of Alanson E. Weatherhead, September Term, 1885, ROYCE, Ch. J., presiding. Judgment affirming the decree of the Probate Court. The decree of the Probate Court was:

" It is ordered and decreed by the court here that all the property and estate left in trust by the will of Alanson E. Weatherhead passes by the will of said Mary H. Weatherhead as her will directs, and that the balance of $5,783.19 remaining in the hands of said executor be held in trust by the said E. W. Stoddard during the life of Gertrude A. Lynde, now Mrs. Gertrude A. Hunt, and the annual interest and use thereof paid to her; after the decease of said Gertrude A. Hunt the principal to be paid and transferred to the residuary legatee named in the will of said deceased."

The fourth clause of the will commenced as follows: "And in case the said Phœbe Mary Hope Weatherhead shall decease before arriving at the age of eighteen years, then I give and bequeath to the said Lysander W. Howe, the sum of five hundred dollars in current money, in case he shall survive the said Phœbe, and the rest and residue of my estate, after the payment of the legacy aforesaid, to be divided as follows, to wit," etc.

The other facts are sufficiently stated in the opinion of the court.

*James M. Tyler* and *Martin & Eddy*, for the plaintiff.

The testator gave nothing to his daughter by the third paragraph in his will. By it the estate was given to the trustees for her benefit, and was not to vest in her except on the condition precedent that the trustees should adjudge it best that it should so vest, which condition has never been performed.

It is claimed that the fourth paragraph is conclusive of the testator's intention to have his estate pass to his daughter when she was eighteen; but the fourth paragraph certainly did not give her the estate; it only disposed of it "in case the said Phœbe should decease before arriving at the age of eighteen years."

There are but two bequests in the will, including the provision for the daughter's support, both of which are conditional: 1st. The bequest to the daughter, conditional on her becoming eighteen, etc., and on the trustees' judgment and discretion. 2d. The bequest to the persons and in the shares named, conditional that the daughter did not live to be eighteen, and perhaps that the estate did not vest in her in her life-time.

"Conditions are subject to the well known division into conditions precedent and conditions subsequent. When the condition is of the former sort the legatee has no vested in-

terest till the condition is performed." 2 Will. Ex. 1081; 2 Red. Wills, 283.

Conditions precedent are such as must happen or be performed before the estate can vest or be enlarged; they admit of no latitude; they must be strictly, literally, and punctually performed. It is a known maxim that when the estate is to arise upon a condition precedent, it cannot vest till that condition is performed. 2 Will. Ex. 1079; 1 Shep. Touch. c. 6, 117.

" If the language of the particular clause, or of the whole will, shows that the act on which the estate depends, must be performed before the estate can vest, the condition is of course precedent, and unless it be performed the devisee can take nothing." MARSHALL, Ch. J., in *Finlay* v. *King's Lessees*, 3 Pet. 376.

A devise to a daughter when she shall be married, does not vest meantime, but goes to the heirs. 2 Burn Eccl. 562, 576.

A devise to a man when he shall marry testator's daughter does not vest till he marries her. 1 Keb. 802.

Another rule is, when the legacy is given when the legatee attains a certain age, if the devisor directs the *interest* of the legacy to be applied in the meantime for the benefit of the legatee, there being an absolute gift of the interest, the principal will be deemed to have vested. See *Patterson* v. *Ellis*, 11 Wend. 298; 2 Red. Wills, 232; *Vaudry* v. *Geddes*, 1 Russ. & M. 203; *Atkins* v. *Hiccocks*, 1 Atk. 500.

The bequest was not made to Phœbe, but to the trustees for her benefit. It was not an immediate gift, the payment only being deferred, but both the bequest and the payment were deferred.

There is no absolute gift of the interest to the daughter, that being given with the estate itself to the trustees with directions "to apply from time to time such portion, or, if necessary, the whole of the income to the support," etc., as they deemed necessary.

40

There was a bequest over if the daughter did not marry or live to be eighteen. Had the estate vested, the bequest over would have been defeated.

If it be a condition precedent to a gift of a legacy or other interest that the trustees should exercise their power in favor of the object—whether the power require an appointment by them or merely their assent to the gift—no interest will vest in the donee until the power be duly exercised, and if the trustees refuse or neglect to exercise it, the gift cannot be enforced. Hill Trust. 490; Perry Trust. ss. 19, 20, 507; *Pink* v. *De Thuisey*, 2 Mad. Ch. 157; *Malcolm* v. *O'Callaghan*, Id. 523; *French* v. *Davidson*, 3 Id. 205; *Walker* v. *Walker*, 5 Id. 257; *Wheeler* v. *Walker*, 2 Conn. 196; *Downer* v. *Downer*, 9 Vt. 231; *Sharon* v. *Simons*, 30 Vt. 458; *Ferre* v. *Am. Board*, 53 Vt. 162; *Bacon* v. *Bacon*, 55 Vt. 243; *Greenough* v. *Welles*, 10 Cush. 571; *Gibbons* v. *Shepard*, 125 Mass. 541; 2 Red. Wills, 235; *Lett* v. *Randall*, 10 Sim. 112.

*Haskins & Stoddard*, for the defendant.

We claim that the estate of Alanson E. Weatherhead, by virtue of his said will, vested in the said Mary H. immediately upon his decease, subject to be defeated, only, in the event of her death before arriving of age. And that upon her arriving at the age of eighteen years, said estate became absolute in her, and would have descended to her heirs had she died intestate.

The appellant, who was one of the trustees under said will, insists that no portion of this estate became the property of the said Mary; but just what construction he claims should be given to the will of said Alanson, and upon what legal grounds, we are in doubt.

It was clearly the intention of the testator that his daughter and only child should have his estate in fee and possession, either in the event of her marriage, or when she became of age. If the said Mary H. had married and died under eighteen years of age, leaving children, would there

be any doubt as to whom the testator intended to leave his estate?

If the testator did not bequeath his estate to the said Mary in the event of her attaining the age of eighteen, then it passed to her as his heir at law; for it is clear that the said Alanson E. made no provision for the disposition of his estate, if his daughter did not take the same upon becoming of age. In either event the said Mary could dispose of the same by her will. *Doe* v. *Lea*, 3 T. R. 41; *Ashby* v. *Palmer*, 1 Mer. 296; *Good Title, ex. d. Hayward* v. *Whitby*, 1 Burr. 229; *Eastman* v. *Baker*, 1 Taunt. 174; *Doe, ex. d. Player* v. *Nicholls*, 8 E. C. L. 92; *Doe, ex. d. Cadogan* v. *Ewart*, 34 E. C. L. 187; *Doe* v. *Watson*, 8 How. 263 (17 Curtis, 581); *Cropley* v. *Cooper*, 19 Wall. 168; *Carpenter* v. *Heard*, 14 Pick. 449; Key, Ch. ss. 171, 211, 218.

The opinion of the court was delivered by

ROWELL, J. Alanson E. Weatherhead died testate in 1862, leaving only one child surviving him, Phœbe Mary Hope Weatherhead, then about two years old. His will was duly probated, and the third clause of it reads as follows:

"I give and bequeath all my estate, real and personal, to Galusha Weatherhead, Marcus Weatherhead, and Lysander W. Howe, to be held by them in trust for my daughter and only child, Phœbe Mary Hope Weatherhead; and I hereby direct the trustees above mentioned to apply from time to time such portion, or if necessary the whole, of the income from said trust estate towards the support, maintenance, and education of the said Phœbe Mary Hope Weatherhead; and when she shall arrive at the age of eighteen years, or in case she shall marry before arriving at the age aforesaid, then in either case the said trustees shall pay over to the said Phœbe Mary Hope Weatherhead the whole of said trust estate, or such portion thereof as in their judgment and discretion shall seem most for the benefit and advantage of the said Phœbe,— and I leave this matter to the best judgment and discretion of the aforesaid trustees."

By the fourth clause of his will, in case the said Phœbe died before eighteen, the testator disposed of all his estate by divers bequests over.

The said Phœbe was never married, and died testate at about the age of twenty-three. Her will was duly probated, whereby, after one or two small specific legacies, she gave the use of the residue of her estate to Gertrude A. Lynde—now Mrs. Hunt—for life, with remainder over.

Said trustees retained in their hands all of said estate, paying therefrom only what was necessary for the support and education of the said Phœbe, and never paid the same over to her after she became eighteen, acting in withholding it according to their best judgment and discretion, and as they deemed most for her benefit and advantage, and she never demanded it of them.

The plaintiff claims that by the terms of the will the taking of a vested interest in her father's estate by the said Phœbe was made to depend upon the judgment and discretion of the trustees, and as their judgment and discretion were never exercised in her favor by paying over the estate to her, that she never took a vested interest therein; while the defendant claims that she took a vested interest therein on the death of her father, subject to be defeated only by her death before eighteen, and that on becoming eighteen the estate became hers absolutely, and would have descended to her heirs had she died intestate, and that if it did not vest in her at least at eighteen, then there was no testamentary disposition of it after that, and so she took it by inheritance.

This last contention is not sound; for there was at all events a discretionary trust, liable to be executed in favor of the said Phœbe by paying the fund over to her at any time after she became eighteen, and hence there was a testamentary disposition, operative as long as she lived with the trust unexecuted; for the legal estate, which vested in the trustees by the will, would continue in them as long as

the purposes of the trust required it.  BAYLEY, J., in *Doe, d. Player* v. *Nicholls*, 1 B. & C. 336.

This brings us to the single question, whether the said Phœbe ever took a vested interest in this estate.

The proposition is deducible from the authorities, especially from the more recent English authorities, that no estate will be held contingent unless very decided terms of contingency are used in the will, or it is necessary to hold the same contingent in order to carry out the other provisions or implications of the will.  2 Red. Wills, 627.

If the testator had stopped with directing the trustees to pay over the estate to his daughter on arriving at eighteen or marrying, it is clear on all the authorities that the legacy would have vested on the happening of either of those events if not before; and so it comes to this, whether the discretionary clause makes any difference.  We think it does not, both on the construction of the will and on authority.

When a man sits down to dispose of his property by will, it is fair to presume that he does not intend to die intestate nor to become intestate after death, and so courts lean against intestacy.  Now here the testator made no bequests over except in the single event of his daughter's dying *before* eighteen.  If, then, she did not take a vested interest at least *at* eighteen, the testator became intestate at her death, and his estate is left to be distributed by law; for it would be absurd to read this will as giving bequests over in case his daughter died *after* eighteen, as she did.  Then again, the very fact that he made no disposition over in case she died *after* eighteen, is a circumstance of no little weight to show that he intended his estate to vest in her at all events on her becoming eighteen.  2 Red. Wills, 606.  In England a gift over in one event is generally regarded as favoring vesting in all other events, on the ground that the gift over being made to depend upon particular events, the presumption is that in every other event the estate was in-

tended to remain in the first taker. But we think, as said by Judge REDFIELD, that this form of argument is more forcible when there is no disposition over, for then it may well be said that the testator intended the estate to vest in the last donee named.

The trustees were the brothers and a brother-in-law of the testator. He made them his executors, and, reposing confidence in them, was willing to leave it to them as trustees to say *when and to what extent* his daughter after becoming eighteen or marrying should be permitted to come into the actual possession and enjoyment of his estate; but we do not think he intended to leave it to them to say whether she should ever have it at all or not in *interest*. He had willed it "*in trust for her*," and the discretionary clause— treating it as valid, but as to which see Gray, Perp. s. 120— was inserted for her supposed benefit, and more by way of giving directions to the trustees as to the time and manner of payment than as importing condition or contingency. And this idea of a trust is important, and well-nigh decisive of the case. The remarks of Lord Justice TURNER on this subject in *Oddie* v. *Brown*, 4 De G. & J. 179, 193, are exceedingly pertinent. He says: "When, as in this case, funds are given to trustees to be held by them upon trusts, directions must of course be given to them as to the time and manner in which they are to deal with the funds in favor of the persons for whose benefit they are intended. Words, therefore, that in other cases might import condition or contingency may in such cases be used for a wholly different purpose, namely, for the purpose of conveying the necessary directions to the trustees. The court, therefore, in such cases, looks, I apprehend, more to the substance of the gift than to the words in which it is expressed. It considers for whose benefit it was made—who were intended to be the *cestuis que trust*." And the same idea is brought out by Lord COTTENHAM in *Saunders* v. *Vautier*, 1 Cr. & Ph. 240, where he says: "It is argued that the testator's great

nephew does not take a vested interest in the East India stock before his age of twenty-five, because there is no gift but in the direction to transfer the stock to him at that age. But is that so? There is an immediate gift of the stock; it is to be separated from the estate and vested in trustees; and the question is whether the great nephew is not the *cestui que trust* of the stock. It is immaterial that these trustees are also executors; they hold the stock as trustees, and the trust is, to accumulate the income till the great nephew attains twenty-five, and then to transfer the stock and the accumulated interest to him. There is no gift over, and the stock either belongs to the great nephew or will fall into the residue in the event of his dying under twenty-five. I am clearly of opinion that he is entitled to it." It is not enough to say that the Court of Chancery would not have controlled the judgment and discretion of these trustees further than to have compelled an honest exercise thereof, according to *Bacon* v. *Bacon*, 55 Vt. 243, *Sharon* v. *Simons*, 30 Vt. 458, *French* v. *Davidson*, 3 Mad. 396, and *Walker* v. *Walker*, 5 Mad. 424; for that is quite another question from saying whether this legacy vested, and is not at all determinative of it, for the legacy might have vested and yet the legatee not have been entitled to the possession and full enjoyment of it.

We have carefully examined all the cases cited in argument and many others, but shall not attempt to review them all. The first case to which we desire to call attention is *Churchill* v. *Lady Speake*, 1 Vern. 251, which was this: Prideaux, plaintiff's grandfather, bequeathed to his wife a mortgage of £1,000, desiring her to give £500 of it to the plaintiff, " but for the time and manner of doing it" he left " it freely to herself, and as she shall see it best for her." The testator died about 1664, the plaintiff then being about nine years old. Mrs. Prideaux, plaintiff's grandmother, lived till 1683, when she died, making the Lady Speake her executrix, having paid no part of the £500, neither was the

same in all that time so much as demanded of her. Plaintiff's bill was, to have this legacy of £500 paid to her with interest; and the Lord Keeper, notwithstanding there was no demand proved, and though the testator left the time and manner of paying to his wife, decreed the £500 with interest from the death of the testator, being near twenty years. A note to the case says that the court was fully satisfied that the nature of the case was a trust in the grandmother for the plaintiff.

In *Hone's Executors* v. *Van Schaick*, 20 Wend. 564, the testator gave $6,000 to each of his grandchildren who should be living at the time of his death, to be paid to them respectively on attaining the age of twenty-one or marrying, such payments, however, not to be made *without the approbation* of the parents of such grandchildren expressed in writing,—and it was held that the legatees severally took a vested interest immediately on the death of the testator. Mr. Justice BRONSON, speaking for the court, said if the testator had stopped after directing the legatees to be paid on attaining twenty-one or marrying, the legacies would clearly have been vested, and that the clause requiring the approbation of the parents made no difference, that it provided for only a future postponement of the time of payment, that the gift was still absolute, and referred to *Churchill* v. *Lady Speake*, 1 Vern. 251, as authority. It is true that case is a little different from this, for there the gift was directly to the legatee, while here it is contained in the direction to pay; but Vice-Chancellor WIGRAM says that the court never intended to decide that the gift of a legacy under the form of a direction to pay at a future time or on a given event, was less favorable to vesting than a simple and direct gift of a legacy at a like future time or on a like event, but has intended only to assimilate those cases to each other, and to distinguish both from the class of cases in which there has been a gift of a legacy and also a direction to pay at a future definite time distinct from the gift. *Leeming v. Sherratt*, 2 Hare, 14, 18.

*Millard's Appeal,* 87 Pa. St. 457, is much in point. There the testator willed to his executrix $30,000 in trust, to be put at interest, and to pay over the interest from time to time when and as received unto his nephew, Joseph M. Millard; and in case the said Joseph should be sober and industrious in his habits, the executrix was authorized "to pay over to him from time to time such portions of the principal as she in her judgment shall deem right and proper, or she may at any time she may deem it right and proper pay over to him the whole of the said $30,000." In the exercise of the discretion thus conferred upon her, the executrix had paid to him a little more than $4,000 of the principal when he died, leaving a widow, the appellant, and one daughter, Margaret Blanche Millard, and this appeal was taken from a decree dismissing exceptions filed to the executrix's final account as trustee of the fund, on the ground that she had not therein charged herself with the balance of the principal in her hands,—and it was held that the legacy vested. The court said that plainly the testator intended to give the entire beneficial interest to his nephew, and that the discretionary clause in nowise affected the question of intent, but was designed to provide for the nephew and at the same time to prevent the fund from being wasted through idleness or intemperance; that as the condition on which the principal was to be paid had become impossible of performance by the death of the nephew, and as the trustee could not keep the money, and there was no gift over, and it did not pass under the residuary clause, either the testator died intestate as to this fund or it must go to the personal representative of the nephew; that the court regarded the question as free from doubt, but said if it did not, it would feel bound to apply the rule favoring vested rather than contingent estates, primary rather than secondary intent. The court, indeed, laid stress on the fact that there was an absolute gift of the income, and said that a gift of the income of a fund without limitation as to time was a

gift in perpetuity and carried the fund itself; and if we were to adopt plaintiff's theory as to the non-vesting of this legacy on other grounds, and follow some recent and very respectable English authorities—which we do not find it necessary to do in order to sustain our judgment—we should have that precise element in this case, namely, a gift of the income of the entire estate without limitation as to time. Thus, in *Fox* v. *Fox*, L. R. 19 Eq. Cas. 286, there was a discretionary power in the trustees to apply the whole income of the fund, or so much thereof as they might from time to time think proper, for the maintenance and education of the legatees until their shares became payable, which was at twenty-one, and the question was whether there was a gift of the *whole* income, within the rule laid down in *Watson* v. *Hayes*, 5 My. & Cr. 125, and other cases, that a legacy which, upon the terms of the gift, would be contingent on the legatee's attaining a certain age, may become vested by a gift of the interest in the meantime, whether directly or in the form of maintenance, provided it be the *whole* interest,—and it was held on the authority of *Harrison* v. *Grimwood*, 12 Beav. 192, that it was a gift of the *whole* income, followed by a discretion to apply less than the whole, and consequently that the legacy vested, "and not the less so because there was a discretion conferred on the trustees to apply less than the whole income for that purpose."

So in *Rouse's Estate*, 9 Hare, 649, there was a gift of a legacy in trust, to apply so much of the interest thereof as the trustees should think proper in the maintenance of the testator's grandson until twenty-one, and then to pay the whole interest to him for life, and on his death, to stand possessed of the legacy and interest and all accumulations in trust for his children, with remainder over in default of children,—and it was held that the provision for maintenance of the grandson during minority out of the interest, showed that the interest was intended for him; that the

legacy vested in interest though not in possession before he became twenty-one; and that he was entitled to the interest that accrued during his minority and was not applied in his maintenance; and *Wynch* v. *Wynch*, 1 Cox, Ch. 433, was regarded as strong authority on the point. There a father gave legacies to his daughters, payable at twenty-one or marriage, but he made provision for their maintenance in the meantime out of another fund,—and it was held that the legacies did not carry interest till the time of payment; but the Master of the Rolls said if maintenance had been payable *out of* the interest of the legacies he should have thought the daughters entitled to what they claimed.

None of the cases referred to by the plaintiff are at all in conflict with the views here expressed.

In *Pink* v. *De Thuisey*, 2 Mad. 157, the executor was directed to give the legatee the principal of the legacy "only in case of an establishment or acquisition for him which seems advantageous to my executor, this disposition being an essential condition of the legacy I make to the said" legatee,—and it was held, taking the whole will together, that as to the principal of the legacy the intention was to give it on condition and not absolutely.

In *Malcolm* v. *O'Callaghan*, 2 Mad. 349, the testator gave £2,000 to his two daughters, to be paid on marriage with consent of his executors, and if either died before twenty-five or marriage with consent, her legacy went to the other. One married before twenty-five without consent, and it was held that the intent was clear to make marriage with consent a condition precedent, and that, there being no bequest over, the condition must be complied with in order to entitle her to claim the legacy. *Atkins* v. *Hiccocks*, 1 Atk. 500, is to the same effect.

Judgment affirmed and ordered to be certified to the Probate Court.