## *RE* LYMAN H. TUCKER'S WILL, FOGG ET. AL. APPTS. *v.* ADMR. OF EZRA TUCKER'S ESTATE, APPELLEE.

### *Construction of will.    Lawful heirs.*

The testator, after making certain specific bequests, gave the use of the
residue of his property to D. during her life, and further directed
that " at her decease said estate be legally distributed amongst my
lawful heirs." *Held,* that upon the death of D. such residue belonged
to those persons who were the testator's heirs at the time of his own
death, and not to those who were at the decease of D.

This was an appeal from a decree of the Probate Court for
the Randolph District decreeing the remainder in Lyman H.
Tucker's estate to the administrator of Ezra Tucker.    Heard
upon an agreed statement of facts at the December term, Orange
county, 1889, Rowell, J., presiding.    The court reversed the
decree of the Probate Court, *pro forma.*    The administrator of
Ezra Tucker, appellee, excepts.    The facts appear in the opinion.

*D. C. Dennison & Son,* for the appellee.

A remainder will not be considered contingent when it may
be construed as vested consistently with the testator's intention.
2 Redf. Wills, 248; *Dingley* v. *Dingley,* 5 Mass. 535, 537.

A demise to " heirs " will be construed as referring to those
who are such at the decease of testator.    *Abbott* v. *Bradstreet,* 3
Allen 587, 589 ;    *Minot* v. *Tappan,* 122 Mass. 536 ;    *Dove* v.
*Torr,* 128 Mass. 38 ;    *Minot* v. *Harris,* 132 Mass. 528;    *Whall* v.
*Converse,* 146 Mass. 345; 1 Redf. Wills, 393, §21 ; 1 Jar. Wills
407 *et seq.* and note.

*Lamb & Tarbell,* and *J. K. Darling,* for the appellants.

It is settled that a will will be construed to effectuate the

intention of the testator. *Colton* v. *Colton*, 127 U. S. 300; *Re* Stewart, 74 Col. 28 ; *Weed* v. *Know*, 77 Ga. 636 ; *McColloch* v. *Valentine*, 24 Neb. 215 ; *Shepard Heirs* v. *Shepard Estate*, 60 Vt. 109.

The language of the will is and " then, at her decease, to be distributed amongst my heirs ;" that is amongst those who are then the testator's heirs. *Willets, Admr.* v. *Rutters, Admr.*, I S. W. Rep. 640 ; (84 Ken. 318); *Roberts, Exr.* v *Brinker*, 4 Dana, 570 ; *Comb's Devisees* v. *Dana*, 4 Dana, 548.

The opinion of the court was delivered by

TAFT, J. After certain bequests, the testator gave to his sister, Diana, the use and occupancy of the residue of his estate, during her natural life, and at her decease, directed that it should then be distributed among his lawful heirs. At his death, his father, Ezra Tucker, was living and was his lawful heir. Ezra died before the decease of Diana, and the administrator of his estate claims the residue, as against the appellants, who were the lawful heirs, failing Ezra, at the time of Diana's death. The words of the will " amongst my lawful heirs " had reference to those persons who were the lawful heirs of the testator at the time of his death, not those who might be such at the time of Diana's death. No estate will be held contingent unless very decided terms are used in the will, or it is necessary to so hold in order to carry out the other provisions or implications of the will. *Weatherhead* v. *Stoddard*, 58 Vt. 623. We think the right to the residue of the estate, vested at the time of the testator's death, in his then heir, his father, Ezra Tucker, subject to the life estate of Diana, and that upon the latter's death, the administrator of the estate of Ezra is entitled to the property.

*Judgment reversed, judgment for the appellee, and ordered certified to the Probate Court.*