MARY G. BURTON *v.* JOHN M. PROVOST, et al.

January Term, 1903.

Present: TYLER, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed February 25, 1903.

*Wills—Construction—Remainders.*

A devise to a widow for life, which provides that at her death the "re-
versionary interest" shall belong to and be divided equally among
the testator's daughters and their heirs, creates a vested remain-
der in the daughters.

APPEAL IN CHANCERY.   Heard on the defendants' demur-
rers to the bill, at the December Term, 1902, Bennington
County, *Munson,* Chancellor.   Demurrers overruled, amended
bill held sufficient, and decree for oratrix.   The defendants
appealed.

*William R. Daley* for the defendants.

The sixth clause of the Burton will creates a contingent
and not a vested remainder in Burton's daughters.   *Dickson*
v. *Picket,* 10 Pick. 517; *Olney* v. *Hull,* 21 Pick. 311; *Hurlburd*
v. *Emerson,* 16 Mass. 241; *Thompson* v. *Ludington,* 104 Mass.
193.

*Batchelder & Bates* for the oratrix.

The clause of the Burton will here in question creates a
vested remainder in the testator's daughters.   *Blake* v. *Stone,*
27 Vt. 475; *Gourley* v. *Woodbury,* 42 Vt. 395; *Weatherhead*
v. *Stoddard,* 58 Vt. 623; *Jones* v. *Remele,* 63 Vt. 391; *In Re
Tucker's Will,* 63 Vt. 104; *Gourley* v. *Woodbury,* 51 Vt. 37;
*Decamp* v. *Hall,* 72 Vt. 483; *Avery* v. *Everett,* 110 N. Y. 317;

*Ducker* v. *Burnham,* 146 Ill. 9; *Shattuck* v. *Steadman,* 2 Pick. 468; *Goebel* v. *Wolff,* 10 Am. St. 464, and note; *Pike* v. *Stevenson,* 99 Mass. 188; *Drugley* v. *Drugley,* 5 Mass. 535; *Weston* v. *Foster,* 7 Met. 297; *White* v. *Curtis,* 12 Gray, 54; *Wright* v. *Shaw,* 5 Cush. 56; *Hill* v. *Bacon,* 106 Mass. 578; *Kimball* v. *Tilton,* 118 Mass. 311.

HASELTON, J.   Elias B. Burton, late of Manchester, died testate, leaving surviving him a widow and three daughters, Agnes, Ella and Fanny, two of whom were married women with children, the third being a widow with no children.   The only question in this case is as to the construction of a clause in the will of Elias B. Burton.

The fifth and sixth clauses in said will read as follows: "I also will, devise and bequeath to her (his wife) the use and occupancy, during her natural life, of the house, buildings and premises belonging to me and occupied by me as a homestead, situated in the village of Manchester, and in the case of destruction by fire of any of the buildings or property, any insurance that may be effected upon said property shall belong and be paid to my said wife, Mary G., for her use and benefit.

I will and devise all my money claims not hereinbefore referred to, meaning all notes, mortgages, debentures, bank stock, evidences of indebtedness of every kind and choses in action, I may have at my death, should be held by my executors in trust to keep the same secure and remunerative, and to pay the interest and income arising therefrom to my said wife, Mary Gerrans, during her natural life for her own use and benefit, and at her death the principal remaining of said trust, as well as the reversionary interest in said homestead and premises, to belong to and be divided equally among my said three daughters and their heirs."

The precise question raised is whether the interest in the homestead and premises devised to the daughters is a vested or a contingent remainder.    Under the authorities in this State it is clear that the remainder vested in the daughters upon the death of the testator, the enjoyment of the vested estate being postponed.   *In Re Tucker's Will,* 63 Vt. 104, 21 Atl. 272; *Jones* v. *Knappen,* 63 Vt. 391, 22 Atl. 630, and cases there cited.

The rule never to be lost sight of in determining whether a devised estate is vested or contingent is well stated in each of the above named cases.    "No estate will be held contingent unless very decided terms are used in the will, or it is necessary to so hold in order to carry out the other provisions or implications of the will."   *In Re Tucker's Will.*    "Unless the language of the testator, when applied to the circumstances of the case, clearly indicates a contrary intention, the law favors the vesting of remainders on the death of the testators when the will becomes operative.   Such is presumed to be the testator's intention, unless the contrary appears."    *Jones* v. *Knappen.*

It is impossible to reconcile all the relevant decisions in all jurisdictions, but the conclusion here reached is in accordance with the general trend of the reported cases.    For a very full and satisfactory review of American cases on the question under consideration, reference is made to a note to *Goebel* v. *Wolff,* (N. Y.) 10 Am. St. Rep. 464.

The clause relating to the remainder, called in the will the "revisionary interest," is of the same effect as though it read: "I give one-third of the remainder to my daughter Agnes and her heirs, one-third to my daughter Ella and her heirs, and one-third to my daughter Fanny and her heirs."    Any apparent

obscurity is obviously due to an effort towards conciseness of expression.

*Decree affirmed, and cause remanded.*

