IN RE DAVID ROBINSON'S ESTATE.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Wills — Construction — Intention of Testator — Remainders — Vested Interest—Deeds.*

Where the testator bequeathed his household furniture to his nephew, and created a trust of the residue of his personal and real estate for the nephew and his wife, with remainder to their children; and part of the personal estate decreed to the said children, at the termination of the trust, was of the nature of household furniture, but was not found by the probate court to be part of the furniture bequeathed to the nephew; and the decree of the probate court recited that all specific legacies had been paid; *held*, it did not appear that there was error in the distribution of the personal estate.

In a deed purporting to convey the interest of the grantor as heir of her parents, one of whom was living; *held*, the word "heir" was not used in its technical sense, but the deed was intended to convey the interest of the grantor as the child of her parents.

The sense in which the term "heir" is to be taken in construing a deed is governed by intention, if manifest on the face of the instrument, or by the aid of such light as extrinsic circumstances afford, if the question is ambiguous.

In construing a will the intention of the testator, so far as it may legally be carried out, when ascertained, will control.

The law favors the early vesting of estates and presumes in favor of the vesting of remainders in interest on the death of the testator,

if the language used is consistent with an intention to postpone the enjoyment only, and this presumption is so favorably regarded that no estate will be held contingent unless positive terms are employed in the will indicating a contrary intention.

If the language employed by a testator annexes futurity to the substance of a bequest, or if the provisions of the will taken together indicate this to be the testator's intention, the interest is contingent and does not vest at the time of testator's death.

Where a testator created a trust for the benefit of his nephew and the latter's wife, during the term of their natural lives, and the survivor of them, and provided that, on their decease, the property should be divided equally among their children, but that if neither of the life tenants should survive until the youngest child reached the age of 25 years, then the trust should continue until that age was reached, *held*, the remaindermen took a vested interest on the death of the testator, which interest could be assigned by them.

A claim made in the brief of counsel, unsupported by argument or citation of authority, will not be considered by the Supreme Court.

APPEAL from a decree of the probate court, making final distribution of the estate of David Robinson, Sarah R. Hall, appellant. Heard on an agreed statement at the December Term, 1915, Bennington County, *Butler*, J., presiding. Judgment, *pro forma*, affirming the decree of the probate court. The appellant excepted. The opinion states the case.

*Holden & Healy* for the appellant.

*W. H. Botsford* for the appellees.

TAYLOR, J. This is an appeal from the order of distribution in the estate of David Robinson, late of Bennington. By his original will the testator gave his household furniture and wearing apparel to his nephew, George W. Robinson. After making certain other specific bequests not important to this inquiry, a trust was created for the benefit of the said George W. with remainder to his heirs. In a codicil, after reciting the provisions of said trust which are expressly revoked, the following provision was made as a substitute therefor:

"I David Robinson do give and devise all the rest, residue and remainder of my real and personal estate, after payment of the legacies and annuity in my original will mentioned, to my friends John S. Robinson and John F. Robinson and the survivor of them upon the special trust following, that is to say, that they the said John S. and John F. and the survivor of them shall pay and apply from time to time as in their discretion may be necessary the whole of the rents, profits, interest and income of my real and personal estate for the support and maintenance of my nephew George W. Robinson and Jane his wife, for and during the term of their natural lives and the life of the survivor of them as well, also for the support and education of the children of the said George W. Robinson. And after the decease of both the said George W. Robinson and Jane his wife, I give, devise and bequeath all the real and personal estate remaining in the hands of my said trustees, or to which I may be entitled, either in law or equity, to the children of the said George W. Robinson and Jane his wife, in fee simple, to be equally divided between them when the youngest child of the said George W. Robinson and Jane his wife shall have attained the age of twenty-five years." Provision was made for the disposition of the income of the trust fund in case neither of the life tenants should survive until their youngest child reached the age of twenty-five years by a requirement that it should annually be applied for the support and education of said children until the youngest attained that age.

The parties have stipulated that the facts recited in the decree of the probate court are to be treated as agreed to. It appears therefrom that the said George W. and his wife used and occupied the real estate in question pursuant to the provisions of the will until the decease of the former Sept. 30, 1891; and that after the death of George W. the widow used and occupied the premises in the same manner until her death, which occurred in June 1902. George W. and Jane Robinson had nine children of whom the appellant was one. All of said children survived the said George W. and were above the age of twenty-five at the time of his death. Three of said children, viz., Agnes Robinson, Chester Robinson and Fannie Robinson Harrison, died intestate before the death of Jane Robinson. All of the nine children were living at the time of the testator's death, and all except the youngest, George A., at the time the will and codicil

were executed. The remaining six children are still living and participate in the distribution. In 1897 shortly before her death Fannie conveyed by quit claim deed to her brother George A. "all the right, title and interest which I have and own as heir of George W. Robinson, late of Bennington deceased and his wife Jane E. Robinson in and unto the following land and premises, being the property known as the David Robinson farm  *  *  * and being the same property left by David Robinson by will to Mrs. Jane E. Robinson wife of George W. Robinson and her children and being the homestead occupied by the said George W. Robinson in his lifetime." In 1878, and after testator's death, Chester Robinson conveyed his interest in the real estate under the will to his brother Heman.

By the decree appealed from the probate court assigned all the personal estate remaining for distribution to the six children now living in equal shares. It divided the real estate remaining for distribution into eight shares and assigned to each of the six surviving children one-eighth part as children of the said George W. and Jane Robinson, and to Heman Robinson and George A. Robinson, each one-eighth part, as assignees of the two deceased children. Commissioners were appointed to make partition of the estate among the distributees. On appeal the county court affirmed the decree of the probate court strictly *pro forma,* to which the appellant excepted. Her objections to the decree of distribution will be considered in the order in which they are discussed in her brief.

It is contended that the personal estate consisting of household furniture passed under the will to George W. Robinson and should have been assigned to his ⁕representative. Some of the personal estate described in the decree as for distribution is of the nature of household furniture; but the facts recited are silent as to whether these articles were embraced in the household furniture intended to be bequeathed to George W. Besides the decree recites "whereas it has been made to appear to said court that all specific legacies of the said testator have been fully paid, and the conditions thereof fully complied with." With the agreed facts standing thus, error in the distribution of the personal estate is not made to appear. No question is raised as to the right of the representatives of the deceased children to participate in the distribution thereof and the question is not considered in our disposition of the case.

It is urged that the deed from Fannie conveyed nothing; that it purported to convey her right, title and interest in the land described as heir of George W. and Jane Robinson, while she had no interest as such. It was held in *Flint* v. *Stedman*, 36 Vt. 210, that the sense in which the term "heirs" is to be taken in construing a deed is governed by intention, if manifest on the face of the instrument, or by the aid of such light as extrinsic circumstances may afford, if the question is ambiguous. It is manifest from the whole instrument that the word "heir" was not used in its technical sense. However it might be if the interest released had been confined to what the grantor held as heir of George W., who was then deceased, by referring in the same connection to Jane E. who was living, there is no room for doubt that the word was employed in the sense of child of George W. and Jane Robinson. This construction gives effect to the instrument; while to hold as the appellant contends would render it nugatory, thus defeating the evident intention of the parties, which is contrary to a well understood canon of construction. See *McCartney* v. *Osburn et al.*, 118 Ill. 403, 9 N. E. 210; note Ann. Cas. 1914 B, 70.

Appellant further contends that neither Chester nor Fannie had any assignable interest in the property when the deeds were executed. The argument is that title did not vest in the children until the death of their mother, so that the three who deceased prior thereto took nothing under the will. No question is made as to Agnes Robinson and we have no occasion to consider whether her representative would be entitled to a share. Presumably all parties interested are content to disregard any claim on her behalf.

The determinative question on this point is whether the gift over to the children took effect in interest from the date of testator's death, or whether their interest under the will was merely contingent and liable to be defeated by their death prior to that of either parent.

The intention of the testator, so far as it may legally be carried out, when ascertained will control. *Harris et al.* v. *Harris' Estate,* 82 Vt. 199, 205, 72 Atl. 912. The law favors the early vesting of estate and presumes in favor of the vesting of remainders in interest on the death of the testator, if the language used is consistent with an intention to postpone the enjoyment only. This presumption is so favorably regarded that no estate

will be held contingent unless positive terms are employed in the will indicating a contrary intention. *Wheeler et al.* v. *St. Johnsbury et al.*, 87 Vt. 46, 87 Atl. 349; *Harris et al.* v. *Harris' Estate, supra; Burton* v. *Provost et al.*, 75 Vt. 199, 54 Atl. 189; *Jones' Admr.* v. *Knappen*, 63 Vt. 391, 22 Atl. 630, 14 L. R. A. 293; *In re Tucker's Will*, 63 Vt. 104, 21 Atl. 272, 25 Am. St. Rep. 743; *Weatherhead* v. *Stoddard*, 58 Vt. 623, 5 Atl. 517, 56 Am. Rep. 573.

It will be observed that the will created a single trust to continue during the lives of George W. and Jane Robinson and until their youngest child reached the age of twenty-five. The income of the fund was to be employed both for the life support of the parents and for the support and education of their children during the full term of the trust. In case of the earlier death of George W. and Jane the division of the property was postponed until the youngest child should reach the age of twenty-five without reference to survivorship. There is nothing in the language creating the trust to indicate clearly an intention to limit the remainder to such of the children as should survive their parents. The provision "after the death of both the said George W. Robinson and Jane his wife I give, devise and bequeath all the real and personal estate remaining in the hands of my said trustees" to their children in fee simple is not enough to indicate an intention to postpone the gift itself. Similar language was held in *Jones' Admr.* v. *Knappen*, 63 Vt. 391, 22 Atl. 630, 14 L. R. A. 293, to create a vested interest in the remaindermen from the date of testator's death. The language is consistent with an intention to postpone possession alone, which will be presumed to have been the testator's intention. This presumption is strengthened by the fact that they were to share in the income of this fund while the parents were living. See 2 Underhill on Wills, §§870, 872; 2 Jarman on Wills, 1425.

If, as we held *In re Irish's Will*, 89 Vt. 56, 94 Atl. 173, the language employed annexes futurity to the substance of the gift, or, if the provisions of the will taken together clearly indicate that such was the testator's intention, the interest is contingent and not vested from the time of the testator's death. In the case last cited the testator created a trust for the support of his mother and provided that the fund itself, as well as the income arising therefrom, should be used as required for her support and for the expenses of her funeral and burial. So

much of the fund with accured interest as should remain at the mother's death, he gave to be paid by the trustee, one-half to his granddaughter and her heirs and the other half to his lawful heirs. We held that in that case futurity was annexed to the substance of the gift and so the vesting was suspended until the time when the bequest should take effect. The case is clearly distinguishable from the one at bar. The construction there given was compelled by the fact that the principal as well as income was to be used, if required, for the support and burial of the life tenant; and it was only so much of the fund as should remain at the termination of the trust that was given over. As was said: "It might be much, or little, or none at all." The language employed made it clear that the testator there did not intend a present gift with future enjoyment; while here there is nothing to indicate that the remainder was not to vest at the earliest moment and the presumption that such was the testator's intention prevails.

We accordingly hold that the remaindermen took a vested interest on the testator's death. It follows that the interests of Chester and Fannie in the real estate were assignable and passed by their deeds to Heman and George A., respectively. *Ricketson* v. *Merrill*, 148 Mass. 76, 19 N. E. 11; *Weller* v. *Kolb*, (Md.) 97 Atl. 542; *Harris* v. *Harris' Est.*, *supra*; *Weatherhead* v. *Stoddard*, *supra*.

It is suggested that under the statute regulating entails Jane Robinson took the fee and that the property should be decreed to her heirs. This claim is unsupported by argument or citation of authority and is passed without further notice, not being sufficiently briefed.

*Judgment affirmed. To be certified.*