ZARTMAN v. DITMARS et al.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

1. WILLS—CONSTRUCTION—WHEN ESTATE VESTS.

A bequest to executors, to be invested by them, and the income paid to the legatee until he arrives at a certain age, when the principal is to be paid to him to hold absolutely, vests in such legatee at testator's death.

2. SAME—RESIDUARY CLAUSE—CONSTRUCTION.

Part of a residuary estate was bequeathed to executors in trust to invest, the income to be paid to legatee during his life, and the principal to be paid his heirs at his death. By a subsequent clause the income on all legacies was to be paid annually. Held, that such legatee was entitled to receive such income at the end of each year succeeding testator's death.

Action by George E. Zartman, as executor of the will of John E. Ditmars, against George F. Ditmars and another, as executors of the will of John V. Ditmars, deceased, and another. The controversy is submitted on an agreed statement of facts, under Code Civ. Proc. § 1279 et seq.

On the 29th day of March, 1892, one John V. Ditmars departed this life, at Geneva, N. Y., leaving a last will and testament, which was thereafter duly admitted to probate by the surrogate of Ontario county, and letters testamentary thereon were issued to the defendants George F. Ditmars and Abram R. Wyckoff, who were designated by the testator as his executors. Among other provisions the will in question contained the following, viz: "Tenth. I give and bequeath unto my executors the sum of four thousand dollars, in trust, nevertheless, to be invested by them. and the income thereof to be paid in equal shares to my nephews John E. Ditmars and Oscar G. Ditmars, of Waterloo, N. Y., annually until they respectively arrive at the age of thirty years. When the said John E. Ditmars shall reach the age of thirty years, one-half of said sum shall be paid to him, to have and to hold the same absolutely; and, when the said Oscar G. Ditmars shall arrive at the age of thirty years, the remaining sum of two thousand dollars shall be paid to him, to have and to hold absolutely." "Sixteenth. I give, devise. and bequeath to my executors all the rest, residue, and remainder of my property, both real and personal, of every name and nature, in trust, nevertheless, to invest one-sixth part thereof for the use and benefit of my nephew John E. Ditmars, of Waterloo, N. Y., the income thereof to be paid to him for and during his natural life, and the principal to be paid to his heirs at his decease." Shortly after entering upon the execution of their trust, the executors set aside the sum of $4,000, as required by the tenth clause of the will, and paid the annual income (upon $2,000) thereof to the legatee John E. Ditmars, up to and including the 1st day of April, 1896; but they omitted to divide the residuary estate in the manner directed in the sixteenth clause, and consequently no part of the income arising therefrom has ever been paid to the above-named legatee. On the 18th day of April, 1896, John E. Ditmars, who was then 21 years of age, departed this life, leaving a last will and testament, which was thereafter duly admitted to probate by the surrogate of Seneca county, and letters testamentary thereon were subsequently issued to the plaintiff, who was designated in the will as the executor thereof. The property left by the testator, John E. Ditmars, aside from such interest as he might have in the estate of his uncle, John V. Ditmars, was insufficient to pay his debts and funeral expenses; but by his will he devised and bequeathed all the estate that he had to his brother, the defendant Oscar G. Ditmars, who was his only heir at law and next of kin. After the death of John E. Ditmars, the plaintiff, as his executor, and the defendant Oscar G. Ditmars, each laid claim to the principal of the legacy of $2,000, bequeathed to John E. Ditmars in the tenth clause of the will of John V. Ditmars, and also to the interest thereon from April 1, 1896. The plaintiff also demanded of the defendant executors that they account for and pay over to him the income derived from

the one-sixth portion of the residuary estate of John V. Ditmars, bequeathed to John E. Ditmars in the sixteenth clause of the will of the former, from the time of the death of John V. Ditmars to the time of the death of John E. Ditmars. In consequence of these conflicting claims, and being in doubt as to their legal rights and obligations, the executors of John V. Ditmars unite with the other parties in asking this court, upon the foregoing statement of facts, to give construction to the tenth and sixteenth clauses of the will of their testator.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

Charles A. Hawley, for plaintiff.

George L. Bachman, for defendant executors.

J. N. Hammond, for defendant Oscar G. Ditmars.

ADAMS, J. This submission involves the consideration of two distinct propositions, the adjudication of which will necessarily determine the conflicting claims of the respective parties to the action, and these propositions are as follows, viz.: (1) Did the bequest of $2,000 to John E. Ditmars, contained in the tenth clause of the will of John V. Ditmars, vest in the legatee named therein at the death of John V. Ditmars? (2) Was the interest upon one-sixth of the residuary estate given absolutely to John E. Ditmars as it accrued from time to time after the death of the testator, and did it vest in such manner as to become payable to the executor of John E. Ditmars, up to the time of the death of his testator?

In our effort to elucidate these propositions in the order in which they are stated, the first difficulty which confronts us is that there is absolutely nothing in the language of the will of John V. Ditmars, outside of the tenth and sixteenth clauses thereof, which throws any light upon the intent of the testator, or which will in any manner aid the court in its endeavor to give construction to those clauses. In these circumstances, it is manifest that our only recourse must be to certain familiar rules of construction, which, if correctly applied to such portions of the will as are claimed to be involved in obscurity, will probably enable the court to reach a correct conclusion of the matter. Before doing this, however, it seems desirable to direct attention to the constitution and language of the tenth clause of the will, for an examination thereof will reveal the fact that it consists of two subdivisions, the first of which bequeaths to the executors thereafter named the sum of $4,000, in trust, which sum they are directed to invest, and to pay the annual income arising therefrom in equal shares to the testator's nephews John E. Ditmars and Oscar G. Ditmars, until they respectively arrive at the age of 30 years. Then comes the second division, which directs that, "when" John E. Ditmars and Oscar G. Ditmars respectively reach the age of 30 years, one-half of the sum thus bequeathed in trust shall be paid to each of such legatees, "to have and to hold absolutely." This language, we think, makes plain the intention of the testator that a specific portion of his estate should be severed and held by the trustees for a particular purpose, and until a particular time; that, during the time it is thus held, each of his nephews should receive one-half of the income arising therefrom; and

that, at the expiration of the time specified, each should receive an equal portion of the principal sum. With this much ascertained, the rules of construction to which reference has been made can perhaps be more readily and clearly applied.

It is a principle of very general application, although one which is not altogether inflexible, that where a legacy is given absolutely, but the time of payment is deferred, the legacy vests upon the death of the testator, even though the legatee may die before the time of payment arrives; for in such case the time of payment is not regarded as the substance of the gift. Paterson v. Ellis' Ex'rs, 11 Wend. 260; Marsh v. Wheeler, 2 Edw. Ch. 156; Loder v. Hatfield, 71 N. Y. 92. And in the celebrated case of Manice v. Manice, 43 N. Y. 369, it was held that where the terms of the bequest import a gift, and also a direction to pay at a subsequent time, the legacy vests, and will not lapse by the death of the legatee before the time of payment arrives. We do not understand that the rules thus far stated are questioned by the defendants, but, if we correctly apprehend their position, it is that they have no application to the present case, because the legacy mentioned in the tenth clause does not run to the legatee, but to the executors, in trust for his benefit; and, in support of this contention, they invoke another rule, which is, in effect, that where there is no gift, except by direction to executors or trustees to pay or divide at a future time, the legacy will not vest in the beneficiary until the time arrives. This rule was referred to in the case of Smith v. Edwards, 88 N. Y. 92–105, and it was there said that:

"It does not control where the language of the will, while not expressly saying, 'I give and bequeath,' does yet plainly import a present gift, intended to vest immediately, without reference to the clause of distribution."

With the attitude of the respective parties thus outlined, we are brought to a consideration of the vital question in this case, which is: Does the language of the tenth clause, tested by any proper rule of construction, import a present or vested gift to John E. Ditmars? Two reasons suggest themselves to our mind why this question should be answered in the affirmative, and they are: First. That the interest upon the legacy specified in the clause now under consideration is directed to be given to the legatee until the legacy itself becomes payable, and this fact alone is indicative of an intention upon the part of the testator that the legacy should vest immediately upon his death; for the interest thus directed to be paid is really as much a part of the legacy as is the principal, and it is but reasonable to suppose that the testator, in directing that the principal sum should be paid to the legatee "when" he reached the age of 30 years, understood and designed that the legacy should take effect and be partially paid before that time, and that the time named was simply a limit fixed for the payment of the balance. Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008; Fuller v. Winthrop, 3 Allen, 51; Eldridge v. Eldridge, 9 Cush. 516. But the second and further reason to which we have alluded has been equally potential in influencing our mind in the direction just indicated, and that is that the gift of $4,000 to John E. Ditmars and Oscar G. Ditmars

was, by the terms of the will, directed to be severed instanter from the general estate, and invested by the executors for the benefit of the legatees, until the time should arrive when they would be severally entitled to the principal. It is true that the gift was made in the first instance to the executors, but they were only directed to hold it for a limited time, at the expiration of which it was to pass absolutely to the legatees. In view of this fact, what construction ought to be given to a direction of the testator so full of significance as this? Can it have any other meaning than that his nephews, for a specified time, should receive the income from that portion of his estate set apart for their benefit, and that ultimately and in any event they should receive the principal sum? The case of Warner v. Durant, 76 N. Y. 133, is to our minds quite decisive of this question; for it was there held, upon a state of facts similar to those appearing in this case, that there was ample evidence of an intention upon the part of the testator that so much of his estate as was set apart for the benefit of a particular legatee, for a specified time, with directions to his executors to pay the same to him absolutely at the expiration of the time named, vested immediately upon the death of the testator. If we are correct in the views to which we have thus briefly given expression, the conclusion necessarily follows that the tenth clause of the will of John V. Ditmars must receive the construction contended for by the plaintiff.

As respects the second proposition submitted for our consideration, we deem it necessary to say but little, inasmuch as, apparently, no very serious controversy arises thereon. The language of the sixteenth clause of the will in question, so far as the same has been heretofore quoted, relates solely to the interest of John E. Ditmars in the residuum of the estate of the testator; but this is followed by directions of like import respecting the shares of five other residuary legatees, who are named, and the clause concludes with these words: "The income upon all the above legacies in this item shall be paid annually." We are unable to discover anything vague or ambiguous in this language. On the contrary, it seems plainly to import that, if any income has arisen from the residuum in the hands of the executors, John E. Ditmars was entitled to receive his equal one-sixth part thereof at the end of each year succeeding his uncle's death.

Our conclusion of the whole matter, therefore, is that the plaintiff is entitled to judgment construing the tenth and sixteenth clauses of the will in question in accordance with his contention, and that each of the parties is entitled to costs, to be paid out of the estate. All concur.