(101 App. Div. 593.)

## WILLIAMS v. BOUL.

(Supreme Court, Appellate Division, First Department. February 24, 1905.)

1. EXECUTOR—RECOGNITION OF TRUST—ESTOPPEL.

Where testatrix, in the first item of her will, bequeathed certain bonds to her son, and directed that they be held in trust for him, and that he should receive the interest on them semiannually until he became 30 years of age, when they were to be given to him, and by subsequent provisions of the will nominated her husband as executor, and provided that, in case of the death of the son, her husband and daughter should take the bonds bequeathed to the son, in certain proportions, the fact that on the death of testatrix the husband qualified as executor, and collected and paid the income on the bonds to the son during the son's life, did not estop him from asserting, as against the claim of the daughter to her proportion of the bonds as provided in the will, that the son took a vested interest in the bonds.

2. WILL—REPUGNANT PROVISIONS—CONSTRUCTION.

Where testatrix, in the first item of her will, bequeathed certain bonds to her son, and directed that they be held in trust for him, and that he should receive the interest on them semiannually until he became 30 years of age, when the bonds were to be given to him, the son, on surviving testatrix, took an absolute, vested estate in the bonds at her death, and hence could not be divested by subsequent provisions of the will bequeathing the bonds to the husband and daughter of testatrix in the event of the death of the son.

O'Brien, J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Lemuel L. Williams, executor of the estate of Marie L. Williams, deceased, against Marie E. Sempell Boul. From the judgment, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

James E. Hopkins, for appellant.
Wilford H. Smith, for respondent.

LAUGHLIN, J. The action is brought to obtain a construction of the will of Marie L. Williams, who died on the 9th day of June, 1900, leaving her husband, the executor, and a son, Henry G. Williams, and the appellant, her daughter, her surviving. The controversy arises over the construction of the following clause, which is the first provision of the will:

"After my lawful debts are paid, I give and bequeath to my son Henry G. Williams the nine one thousand dollar bonds on the Newburg, Waldron and Orange Lake Railroad, and I order and direct that the said bonds should be held in trust for him and that he shall receive the interest of them semiannually until he becomes thirty years of age and then to be given to him. It is my desire and will that my husband, Lemuel L. Williams, shall act as trustee, and in event of his death it is my will that Four thousand dollars of these bonds to go to my daughter Marie E. Sempell, and five thousand dollars of the bonds to go to my husband Lemuel L. Williams."

Henry G., the son of the testatrix, died without issue and unmarried before attaining the age of 30. The husband claims that the title to these nine bonds had vested in the son, and that the title to them has passed to him, as sole next of kin. The daughter claims that title to

the bonds never vested in her brother, or vested in him subjected to be divested by his death under 30 years of age, and that she takes five of the bonds under the will of her mother. The only other disposition of property made in the will is a bequest of $9,000 and some jewelry and household effects and wearing apparel to the daughter, and a bequest of certain shares of railroad stock and the household furniture and the residue of her estate to the husband. The husband qualified as executor, and collected and paid the income of the bonds to his son during the life of the latter. It is contended that he is thereby estopped from now questioning the validity of the trust, or asserting that his deceased son took a vested interest in the bonds. I see no force in this contention. The appellant has not been prejudiced. If a valid trust was not created, and the title passed absolutely to the son, the rights of the appellant have not been affected by the father acting as trustee with the acquiescence of his son.

This brings us to the main question, which is whether the absolute bequest of those bonds in the first sentence of the clause quoted is cut down or modified and limited by the provision that in the event of the death of the son the bonds shall pass to the father and daughter in the proportion specified. If the will is to be so construed, it is manifest that the provisions are repugnant. The rule is that repugnancy is to be avoided if the will be susceptible of any other reasonable construction. It is contended that the death of the son referred to in the will refers to a death in the lifetime of the testatrix, and that the case falls by analogy within the general rule applicable to the construction of provisions containing a bequest or devise over in the event of the death of the first legatee or devisee without issue, which is that those words shall be deemed to refer to a death in the lifetime of the testator. Part of the opinion of Judge Finch, concurred in by all the members of the court, in Benson et al. v. Corbin et al., 145 N. Y. 351, 359, 40 N. E. 11, seems peculiarly applicable to this case. The learned judge, in discussing this rule, says:

"While such is the general rule, it is said to maintain its hold somewhat weakly and with a doubtful grasp, and to yield easily to any fact or circumstance indicating a different intention. Although that is undoubtedly true, it takes on some modification by force of another rule, equally well settled—that where there is primarily a clear and certain devise of a fee, about which the testamentary intention is obvious and without ambiguity, the estate thus given will not be cut down or lessened by subsequent words which are ambiguous or of doubtful meaning. If a slight circumstance or a slender rule will in ordinary cases prevent the application of the general rule, the circumstance or the reason must be strong and decisive, where the construction collides with a plain devise in fee, and forces a change of its terms by cutting it down to a lesser estate. We do not easily trade a certainty for a doubt."

There is no express bequest of the bonds to the trustee. It is unnecessary to determine whether the legal title to the bonds passed to the trustee or whether it vested in the son, immediately upon the death of his mother, subject to the execution of a power in trust to collect and pay over the income until he attained the age of 30 years. In any event, the provision of the first sentence quoted is ample to give him an absolute, vested estate. Warner v. Durant, 76 N. Y. 133. If the other provisions of the will are to be construed as vesting the bonds

in the trustee, or as divesting the son's title in the event of his death under 30, it is manifest that this is inconsistent with the original devise.   If, however, the devise of these bonds to the husband and daughter be held to relate to the contingency of the death of the son during the lifetime of his mother, there will be no inconsistency or repugnancy. There would be reason in this disposition, for without it the bonds would pass to the father, as the next of kin of his son, in the event of the death of the latter prior to the death of the testatrix.   Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457.   There appears to be no material fact or circumstance to indicate a different intention on the part of the testatrix, or that may be seized upon to justify or require a different construction.   The mere fact that the testatrix did not see fit to vest the bonds in possession in her son until he attained the age of 30 years has no significant bearing, I think, on the question presented.   Moreover, ample provision—property of the same or greater value being bequeathed to each of them—was made for the husband and daughter, and the son was liable to leave a wife and children.   In that event, I think, the mother did not intend to cut them off from inheriting or taking, as they would be if the construction contended for by the appellant prevails.

It follows, therefore, that the judgment should be affirmed, with costs to the respondent, payable out of the estate.   All concur, except O'BRIEN, J., who dissents.