THE EQUITABLE GUARANTEE AND TRUST COMPANY, Trustee under the will of William J. Bowe, deceased,

*vs.*

MARY JOSEPHINE BOWE, ANNA MARIE BOWE, MARTINA BOWE, WILLIAM M. BOWE, HOWARD S. BOWE, CATHARYN BOWE, HELEN M. BOWE, WILLIAM S. BOWE, Administrator of Margaret Bowe, deceased, JAMES H. BOWE, JOSEPH A. BOWE, ALPHONSUS L. BOWE, MATILDA BOWE, MARTINA MARY KELLY and MARIA FRANCES KELLY.

*New Castle, Feb.* 8, 1912.

Where the time for, or condition to, the payment of a legacy is annexed to the substance of a gift, and not merely to the payment, the legacy is contingent; but where interest, either by way of maintenance or otherwise, is given to the legatee in the interim, the legacy will, notwithstanding the postponement, vest immediately on the death of the testator.

A will bequeathed a sum of money to a trustee for each of certain grandchildren of the testator "to provide for some of my sons who have a greater number of children than the others"; the money to be invested and the income to be expended for the maintenance and education of the grandchildren and the principal to be paid to them as they arrived at the age of thirty years. *Held*, that the legacies vested in the grandchildren at testator's death, and that upon the death of a granddaughter under thirty years her share passed to her administrator.

BILL FOR CONSTRUCTION OF A WILL AND INSTRUCTIONS TO TRUSTEE. The bill was filed by The Equitable Guarantee and Trust Company, trustee under the will of William Bowe, deceased, for the construction of item thirteen of his will, and all the parties in interest that could be affected by the interpretation of the clause have been made parties and were represented by counsel. The item under consideration is as follows:

"Thirteenth. To provide for some of my sons who have a greater number of children than the others, I give and bequeath to The Equitable Guarantee and Trust Company, the sum of —— dollars, being ten thousand dollars for each of my grandchildren, the children of James H. Bowe, Joseph A. Bowe and William S. Bowe, to hold and invest the same

in good income producing securities, with full power to call in and re-invest to collect the income arising therefrom and after deducting a reasonable sum for its care and trouble, to pay over the net income for the maintenance and education of said grandchildren until they arrive at the age of thirty years, and as they respectively arrive at the age of thirty years to pay over to them the share of the principal sum to which they are entitled, free and discharged from all trusts.'

At the time of the death of William Bowe there were six children of William S. Bowe entitled to shares under the above item, including Margaret Bowe, one of the children of William S. Bowe. In March, 1911, Margaret Bowe died at the age of fourteen years and letters of administration were granted upon her estate to her father, William S. Bowe. The executor of the estate of William Bowe, The Equitable Guarantee and Trust Company, paid over to the trustee in the lifetime of Margaret Bowe the sum of $90,000 under item thirteen, there being nine grandchildren of the testator, children of his three sons, James H. Bowe, Joseph A. Bowe and William S. Bowe.

The bill stated that the residuary clause contained in the will of William Bowe, deceased, had been declared invalid and void by the Court of Chancery; and that the trustee was unable to determine whether the legacy to Margaret Bowe was a vested legacy, and, therefore, payable to her administrator, to be by him disposed of according to the intestate laws of Delaware; or whether the vesting of said legacy was contingent upon the attainment by her of thirty years of age. The prayers were for instructions as to how the moneys and property in the hands of the trustee should be applied, and for construction of said item of said will.

The answer averred that the legacy was not a vested one and, therefore, not payable to Margaret Bowe's administrator, but that the vesting thereof was contingent upon her attainment of thirty years of age, and that in the absence of a valid residuary clause in said will it became payable to William Bowe's executor for the purpose of distribution among the next of kin of the said William Bowe, under the intestate laws of Delaware.

At the election of the complainant, the cause was heard on bill and answer.

22

*Charles F. Curley*, for the complainant.

The legacy of ten thousand dollars to the said Margaret Bowe, under the provisions of paragraph thirteen of the will of the said William Bowe, was a vested legacy, and upon the decease of the said Margaret Bowe, not having arrived at the age of thirty years, was payable by the trustee to the administrator of the said Margaret Bowe. The principle whereby it is contended that the said interest was a vested one is well settled in both England and America. A leading distinction is, that if futurity is annexed to the substance of the gift, the vesting is suspended; but if it appears to relate to the time of payment only, the legacy vests instanter. 1 *Jarmon on Wills*, 760. Where there is a clear gift, distinct from the direction to pay, the time of payment being merely postponed and not annexed to the substance of the gift, the legacy vests immediately, unless the time of payment appears to have been fixed by the testator as absolutely necessary to have arrived before the vesting of the legacy. The gift is considered as *debitum in praesenti, solvendum in futuro*. 30 *A. & E. Enc. L.*, (2 ed.) p. 767; *Richardson v. Raughley*, 1 *Houst.* 561; *Conwell's Adm'r. v. Heavilo's Adm'r*, 5 *Harr.* 296.

It is submitted that the principle of both these Delaware cases is decisive of the question here raised, and in addition the facts of the present case are hardly distinguishable, *quod hoc*, from the facts of *Richardson v. Raughley*. In the present case, there is an absolute, clear-cut gift to the grandchildren described, which gift stands alone and is altogether distinct from the after added direction to pay the principal at their arrival at the given age. The time of payment is in no way connected with the substance of the gift.

*Saulsbury, Ponder & Morris*, for the defendants.

The sole legal question is whether, under the facts, The Equitable Guarantee and Trust Company should pay the sum of ten thousand dollars, which it was holding in trust under the thirteenth item of the will of William Bowe, deceased, to be paid to the said Margaret Bowe on her arrival at the age of thirty years, to William S. Bowe, her administrator, or whether

the said sum should be paid by the said trustee to the executor of William Bowe, to be distributed among his next of kin, under the intestate laws of the State of Delaware.   The contention of Catharyn Bowe, Helen M. Bowe, Elizabeth F. Bowe, by Norman P. Crouch, their guardian *ad litem*, and of James H. Bowe, Joseph A. Bowe, William S. Bowe, Alphonsus L. Bowe, Matilda Bowe, Martina Mary Kelly and Maria Frances Kelly is that the said Margaret Bowe, deceased, did not have at any time a vested interest in the ten thousand dollars in question, and that the same should now be paid by the trustee named in the thirteenth item of the will of William Bowe, to The Equitable Guarantee and Trust Company, executor of William Bowe, deceased, to be distributed among the next of kin of William Bowe under the intestate laws of the State of Delaware.   *Leake v. Robinson*, 2 *Meriv.* 363.

There is no gift in the thirteenth item of the will of William Bowe, to his grandchildren, other than the direction of the trustee to pay as the grandchildren "respectively arrive at the age of thirty years".   There is no antecedent estate to postpone the enjoyment of the fund so held in trust.   *Batsford v. Kebbell*, 3 *Ves.* 363.   It will be observed that the said item of said will makes no limitation over ·in the event of the death of any of the grandchildren dying without leaving issue. *Bevan's Trusts*, 34 *Ch. Div.* 716; 2 *Jarmon on Wills*, (5th ed.) 457;  29 *A. & E. Enc. L.* 457; *Newman v. Newman*, 10 *Sim.* 51; *Ford v. Rawlins*, 1 *Sim. & St.* 328; *Frost v. McCauley*, 7 *Del. Ch.* 162; *Billingsley v. Wills*, 3 *Atk.* 219; *Seibert's Appeal*, 13 *Pa. St.* 501; *King, Adm'r., v. Crawford*, 17 *Serg. & R.* 118; *Moore v. Smith*, 9 *Watts* 403; *Walker v. Mower*, 16 *Beav.* 365; *Pleasanton's Appeal*, 99 *Pa. St.* 362.

The thirteenth item of the will in question states the purpose of this item, as follows: "To provide for some of my sons."   It then proceeds to direct that the trustee shall "pay over the net income for the maintenance and education of said grandchildren"; which conclusively shows that the income is to be paid to his three sons, and this gift of income is not to the grandchildren, but "to provide for some of my sons".   It is a general principle in the construction of wills that, where the

only gift is in the direction to pay, the legacy does not vest on the death of the testator, but only on the happening of the contingency, which, in this case, is the arrival at thirty years of age, of each of these grandchildren.   But if it is postponed for the benefit of the legatee, as if he is an infant, and payment is to be made to him at his majority, then the gift is future and conditional.   *Dougherty v. Thompson*, 167 *N. Y.* 472, 60 *N. E.* 760.   But where the legacy is postponed, not for the convenience of the estate, or to let in a prior interest, but for reasons personal to the legatee, the legacy does not vest until the time specified. In the will in question the legacy is not postponed for the convenience of the estate; it is not postponed to let in a prior interest (which is the basis of the decision in *Conwell's Admr. v. Heavilo's Adm'r.*, 5 *Harr.* 296), nor is there a gift to the grandchildren of the income for maintenance and education, for such a construction would nullify the express purpose and intent, which is disclosed by the words "to provide for some of my sons".   It, therefore, conclusively appears that the bequest to the grandchildren of William Bowe, as set forth in Item Thirteenth of his will, was not a vested legacy, but the same was contingent upon the arrival of the legatee at the age of thirty years.

THE CHANCELLOR: The question is whether Margaret Bowe had a vested or contingent legacy.   If vested, it is now payable to her administrator; and if contingent it is payable to the executor of William Bowe for distribution among his next of kin as intestate property, the residuary clause of the will of William Bowe having heretofore been declared to be invalid.   On behalf of the administrator of Margaret Bowe it was urged that the legacy was vested, there being a direct gift, the time of payment only being postponed.   1 *Jarmon on Wills*, *760; *Richardson v. Raughley*, 1 *Houst.* 561; *Conwell's Adm'r. v. Heavilo's, Adm'r.*, 5 *Harr.* 296.

It was urged on behalf of the next of kin of William Bowe, the testator, that Margaret Bowe did not at any time have a vested interest in the gift, because there was in the will no gift to her, directly, either of principal or of income for main-

tcnance, other than in the direction given to the trustee to pay
the grandchildren as they should respectively arrive at the age
of thirty years; and because there was no antecedent estate or
interest given to another person, thereby postponing the enjoy-
ment of the fund for the benefit of the estate, or to let in a
prior estate.    In support of this contention there was cited
*Leake v. Robinson*, 2 *Meriv.* 363; *Batsford v. Kebbell*, 3 *Ves., Jr.*
363; *Bevan's Trusts*, 34 *Ch. Div.* 716, 719; 2 *Jarmon on Wills*,
(5th ed.) 457; *Newman v. Newman*, 10 *Sim.* 51; *Ford v. Rawlins*,
1 *Sim. & St.* 328; *Frost v. McCaulley*. 7 *Del. Ch.* 162, 44 *Atl.*
779; *Billingsley v. Wills*, 3 *Atk.* 219; *Seibert's Appeal*, 13 *Pa.
St.* 501; *King, Adm'r., v. Crawford*, 17 *Serg. & R.* (*Pa.*) 118;
*Moore v. Smith*, 9 *Watts* (*Pa.*) 403; *Walker v. Mower*, 16 *Beav.*
365; *Pleasonton's Appeal*, 99 *Pa. St.* 362; *Dougherty v. Thomp-
son*, 167 *N. Y.* 472, 60 *N. E.* 760.

In *Conwell's Adm'r. v. Heavilo's Adm'r.*, 5 *Harr.* 296, Booth,
C. J., laid down a rule which is well settled elsewhere, as well
as here:

"When a legacy is directed to be paid at a future time  or on a future
event  it is vested or contingent  according to the intent and meaning of
the testator  as expressed in his will.    If the time or event is annexed to
the payment of the legacy  it is vested;  if to the substance or gift of legacy
it is contingent;  because such appears to be the intention of the testator."

But there is in this case an additional feature, not included
in the above rule, and everywhere considered an important and
determining one.    Here there is a present gift in trust, with a
postponement of payment until the beneficiary attains the age
of thirty years, and with a gift of the whole income in the mean-
time for the maintenance and education of the beneficiary.
True, the income is not by express words made payable to the
beneficiary, and the will does not specifically declare to whom
the payment of income is to be made; but it does distinctly
appear that the whole of it is to be so applied, and the intention
to benefit the grandchild prior to the time she arrives at thirty
years is surely indicated thereby.    Indeed, no reason appears
why the whole of the net income is not payable to the grand-
child, or, during her minority, to her guardian.    There is no.
discretion in the trustee to apply all or part only of the income

towards the maintenance and education of the grandchild, nor is the trustee limited in so applying a designated portion or share of the income, or a certain sum as part of it. It is the whole of the net income which is to be so paid and applied. The amount to be so applied is not so large as to indicate an intention of the testator to restrict the trustee in paying over all of it for the grandchild. The evident and expressed intention of the testator is to aid certain named sons, including William S. Bowe, by giving a certain sum of money for each of his children, to be held by a trustee, the income received from the investment thereof to be used for the maintenance and education of each grandchild until they severally attained thirty years of age, and the principal to be then paid to the several grandchildren. It is not a gift of $90,000 (a sum of money arrived at by multiplying the sum of $10,000 by nine, the aggregate number of the children of the three sons of the testator named in the will), to be held in trust for a class, viz., grandchildren of the testator, children of his said three sons. It is a gift of $10,000 to each such grandchild to be held in trust for him or her. With respect to Margaret Bowe, the child of William S. Bowe, the gift is in effect this:

"I give to The Equitable Guarantee and Trust Company the sum of $10,000 to hold and invest the same and pay over the net income thereof for the maintenance and education of my grandchild, Margaret Bowe, daughter of William S. Bowe, until she arrives at the age of thirty years, and then to pay over the principal sum to her free and discharged from all trusts."

The principles of law applicable to such a gift are clear and well settled. In bequests of personal estate, a gift of the whole interim interest to or for the benefit of the legatee *prima facie* vests the principal, though if such words had not been used the legacy would not have been treated as vested. Thus a bequest to A., when he attains a given age, the interest to be paid to him in the meantime, is vested, and if A. dies under that age, his representative will be entitled to the legacy. The rule is the same where the interest is given to other persons to be applied for the benefit of the legatee. *Hawkins on Wills*, \*227; 2 *Williams on Executors*, \*1097, *et seq.*, *Hanson*

*v. Graham*, 6 *Ves., Jr.* 239; *Hammond v. Maule*, 1 *Coll.* 281; *Re Hart's Trusts*, 3 *De G. & J.* 195; *Frost v. McCaulley*, 7 *Del. Ch.* 162, 44 *Atl.* 779; *Provenchere's Appeal*, 67 *Pa. St.* 463.

In *Frost v. McCaulley, supra*, the gift was of a share of an estate to trustees in trust, in substance: "The income I give to A. [a granddaughter], payable one-half yearly for ten years, after which I give the same to her." It was held that the words "the same" meant the principal, and that she took a vested interest from the testator's death. Th : Court said:

"The gift to her of the principal, without the gift of the income, during the interval between the death of the testator and the expiration of ten years thereafter, would have made her share a contingent legacy, but the appropriation of the accruing interest during that interval for her benefit makes the gift, in substance, an absolute vested legacy, divided into two distinct portions or interests, for the purpose of postponing not the vesting but the possession only."

Judge Sharswood, in *Provenchere's Appeal, supra*, (*page* 466), thus states the rule:

"Thus it is true, as a general rule, that where the time or other condition is annexed to the substance of the gift and not merely to the payment, the legacy is contingent; but a well recognized exception to this rule is that where interest, whether by way of maintenance or otherwise, is given to the legatee in the meantime, the legacy shall, notwithstanding the gift itself appears to be postponed, vest immediately on the death of the testator."

These settled general principles are said to be inapplicable here because the income is payable to the father of Margaret Bowe and not to her, the gift having been made "to provide for some of my sons," naming them. But this is not a reasonable view. The gift is to the grandchildren primarily and the reason for the gift is that the testator's sons would be so helped, for they would otherwise be obliged to maintain and educate their children. This indirect way the testator adopted in order "to provide for" his three sons. It is clear then that the gift in trust for Margaret Bowe was a direct gift of the principal, the payment thereof being postponed until her arrival at thirty years of age, and so it was a vested legacy in trust. But even if the only gift be in the direction to pay, the gift would other-

wise be contingent on her attaining the specified age, the gift in the interim of the whole of the net income for her maintenance and education clearly makes the gift a vested one, and, though she died under thirty years of age, the principal is now payable to her administrator.

Let a decree be entered accordingly.