IN RE WILL OF ZOPHAR M. MANSUR.

November Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 8, 1925.

*Wills—Construction—Intention of Testator—Vesting of Estates Favored—Vesting Postponed When Futurity Annexed to Substance of Gift, but Not When Annexed to Time of Payment Only—Testator's Bequest Held to Create Vested Legacy—Effect of Bequest to Be Placed in Hands of Trustee, Income to Be Paid to Legatee—Questions Not Passed on by Lower Court Not Available for Review.*

1.  In construing wills, the first and chief object is to ascertain the. intention of the testator, since, so far as it may be legally carried out, that governs.

2.  The law favors the vesting of estates on the death of testator when the will becomes operative, and, if the language used is consistent with an intention to postpone enjoyment only, such will be presumed to have been the testator's intention, and this presumption is so favorably regarded that no estate will be held contingent unless positive terms are employed in will indicating that such is the intention.

3.  When futurity is annexed to the substance of the gift, vesting is postponed; but if annexed to time of payment only, the legacy vests immediately.

4.  Testator's bequest of certain sum to his granddaughter, one-

half of the principal to be paid when she should become ·30 years old and remainder when she should become 35 years old, *held* to create a vested legacy with postponed enjoyment, the intent of testator being made doubly certain by provisions that legacy shall be placed in hands of a trustee, and income thereof paid to legatee semi-annually.

5.  Under such bequest, not only was such legacy segregated *instanter* from rest of testator's estate, but legatee received immediate beneficial interest therein.

6.  Where probate court, in disposing of petition of administrator of deceased legatee for distribution of the assets of an estate, did not pass upon question of whether such administrator was entitled to recover the full amount of principal at once, and before such legatee would have received it under the terms of the will, if living, the question was not before Supreme Court for review on appeal.

, APPEAL direct to Supreme Court from decree of probate court for the district of Orleans dismissing petition of deceased legatee's administrator, for distribution of the assets of testator's estate.  The opinion states the case.  *Reversed and remanded with instructions.*

*Stickney, Sargent & Skeels,* and *J. Dwight Dana* (New Haven, Connecticut), for the petitioner and appellant.

*Hamilton S. Peck* and *John W. Redmond* for appellee.

SLACK, J.  This is an appeal from a decree of the probate court within and for the probate district of Orleans dismissing a petition brought by appellant, as administrator of the estate of Sallie Storrs Tate, for the purpose of affecting a final settlement, and distribution of the assets, of the estate of the late Zophar M. Mansur, on the ground that appellant, as such administrator, has no interest in the Mansur estate because the legacy bequeathed to the said Sallie by the said Mansur did not vest in the legatee, but lapsed at her death.

The agreed facts in the case, so far as material to the question before us, are these:  Zophar M. Mansur died March 28, 1914.  He was survived by one son, Arthur G., and two grandchildren, John D. Storrs and Sallie L. Storrs, children of a

daughter who died December 1, 1911. Mr. Mansur left a will bearing date of January 15, 1914, which was allowed by the probate court in said district April 21, 1914, which contained the following provision: "I give to my grand-daughter, Sallie L. Storrs, the sum of thirty thousand dollars, to be placed in the hands of a trustee, the income thereof to be paid to the said Sallie L. Storrs semi-annually, one half of the principal to be paid to the said Sallie L. Storrs when she shall become thirty years of age and the remaining one-half when she shall become thirty-five years of age." It contained a like provision for the grandson, John D. Storrs. The granddaughter, Sallie L., was born November 18, 1894, she married the appellant August 4, 1920, and died, intestate, November 23, 1921. She was survived by one daughter, the fruit of said marriage, born October 29, 1921, who is still living. The appellant is the duly appointed administrator of Sallie's estate. Mr. Mansur's son, Arthur G., is executor of the Mansur will and, as such, has in his hands a large amount of property that belongs to the Mansur estate. No part of the legacy bequeathed to the said Sallie has ever been paid.

Whether the court erred in dismissing the petition depends, entirely, upon whether the provision in the Mansur will, above quoted, created a vested or a contingent legacy, and this, in turn, depends upon whether the contingency, namely, the attainment of a certain age by the legatee, attached to the substance of the gift or to the time of payment thereof.

[1-3] In construing wills, the first and chief object is to ascertain the intention of the testator, since, so far as it may be legally carried out, that governs. *Harris et al.* v. *Harris' Estate,* 82 Vt. 199, 72 Atl. 912. To aid in ascertaining this fact certain well-recognized rules have been established. One is that the law favors the vesting of estates on the death of the testator when the will becomes operative, and if the language used is consistent with an intention to postpone the enjoyment only, such will be presumed to have been the testator's intention. This presumption is so favorably regarded that no estate will be held contingent unless positive terms are employed in the will indicating that such is the intention. *In re Robinson's Estate,* 90 Vt. 328, 98 Atl. 826; *Harris et al.* v. *Harris' Estate, supra; Burton* v. *Provost,* 75 Vt. 199, 54 Atl. 189; *Jones' Admr.* v. *Knappen,* 63 Vt. 391, 22 Atl. 630, 14 L. R. A. 293; *In re*

*Tucker's Will,* 63 Vt. 104, 21 Atl. 272, 25 A. S. R. 743; *Weather-* *head* v. *Stoddard,* 58 Vt. 623, 5 Atl. 517, 56 A. R. 573. Another rule is that when futurity is annexed to the substance of the gift, the vesting is postponed; but if annexed to the time of payment only, the legacy vests immediately. Perhaps this rule is nowhere better stated than by Blackstone; he says : "And if a *contingent* legacy be left to anyone, as *when* he attains, or *if* he attains, the age of twenty-one, and he dies before that time, it is a lapsed legacy. But a legacy to one *to be paid* when he attains the age of twenty-one years, is a *vested* legacy; an interest which commences *in praesenti,* although it be *solvendum in futuro,* and if the legatee dies before that age, his representatives shall receive it out of the testator's personal estate, at the same time it would have become payable in case the legatee had lived." 2 Bl. Comm. 513. See also 2 Williams on Executors (11th ed.), 973. In the first instance, futurity being annexed to the substance of the gift, the vesting is postponed; in the latter instance, futurity being annexed to the time of enjoyment only, the legacy vests immediately. Regardless of its origin, or the reason for its adoption, this rule is now recognized by the great weight of authority both in this country and in England. Among the numerous cases where the language of the bequest is held to affect a postponement of payment or enjoyment only —the legacy vesting immediately upon the death of the testator —are, *Staples* v. *D'Wolf,* 8 R. I. 118; *Dale* v. *White,* 33 Conn. 294; *Austin* v. *Bristol,* 40 Conn. 420, 16 A. R. 23, *Harrison* v. *Moore,* 64 Conn. 344, 30 Atl. 55; *Brown* v. *Brown,* 44 N. H. 281; *Sanborn* v. *Clough,* 64 N. H. 315, 10 Atl. 678; *Zartman* v. *Ditmars,* 37 App. Div. 173, 55 N. Y. S. 908; *Goebel* v. *Wolf,* 113 N. Y. 405, 21 N. E. 388, 10 A. S. R. 464; *Williams* v. *Boul,* 101 App. Div. 593, 92 N. Y. S. 177; Id., 184 N. Y. 605, 77 N. E. 1198; *Kimble* v. *White,* 50 N. J. Eq. 28, 24 Atl. 400; *Furness* v. *Fox,* 1 Cush. (Mass.) 134, 48 A. D. 593; *Eldridge* v. *Eldridge,* 9 Cush. (Mass.) 516; *Wardwell* v. *Hale,* 161 Mass. 396, 37 N. E. 196, 42 A. S. R. 413; *Kerlin* v. *Bull,* 1 Dall. (Pa.) 175, 1 L. ed. 88; *Cropley* v. *Cooper,* 19 Wall. 167, 22 L. ed. 109; *McArthur* v. *Scott,* 113 U. S. 340, 28 L. ed. 1015, 5 Sup. Ct. 642; *Goodlittle* v. *Whitby,* 1 Burr. 228; *Lyman* v. *Vanderspiegel,* 1 Aik. 275; *Boraston's Case,* 3 Coke 19. See, also, *Warren's Admr.* v. *Bronson,* 81 Vt. 121, 133, 69 Atl. 655; *In re Robinson's Estate,* 90 Vt. 328, 98 Atl. 826; and note *Goebel* v. *Wolf, supra.*

In *Staples* v. *D'Wolf* it is said: "The question is always—is futurity annexed to the substance of the gift? If so, the vesting is postponed; or is it annexed to the time of payment only? If so, the legacy vests immediately. 1 Jarman, 759, 760. And if the gift be expressly to A, and expressed to be payable or to be paid at a certain time, time is held to relate to the payment only, and not to the gift itself, and it confers a vested interest on the testator's death."

In *Brown* v. *Brown*, where the language of the bequest was, "I do give and bequeath to Hiram S. Brown * * * the sum of $1,200, to be paid to him by the executor of my said will, when he shall attain the age of 21 years," it was held, Hiram having survived the testator but died before reaching the age of 21 years, that the gift vested in him and was payable to his representative. The court said: "Where the gift is of a sum of money to the legatee 'payable,' or 'to be paid' at the age of twenty-one, the legacy vests immediately, and, upon the legatee's death before that age, goes to his representative; and this is upon the ground that the testator intended the gift to be absolute, but chose to postpone the payment to the period when the legatee might make better use of his bounty. This distinction is established by a weight of authority too great to be shaken, and it may well be supposed that wills are made with reference to it."

In *Dale* v. *White,* it is said: "It is a well-settled rule of construction that a legacy given to a person or a class, to be paid or divided at a future time, takes effect in point of right on the death of the testator. In such case the contingency attaches, not to the substance of the gift, but to the time of payment." In the latter case we also find this rule of construction laid down: "Where words are equivocal, leaving it in doubt whether the words of contingency or condition apply to the gift itself or the time of payment, courts are inclined to construe them as applying to the time of payment, and to hold the gift as vested rather than contingent."

[4, 5] Applying the rules of construction already referred to, in the light of the application given them in the cases cited, to the case at bar it would seem that but one conclusion could be reached. Other provisions of the bequest aside, the language, "I give to my grand-daughter, Sallie L. Storrs, the sum of thirty thousand dollars, * * * one-half of the principal to be

paid to the said Sallie L. Storrs when she shall become thirty years of age and the remaining one-half when she shall become thirty-five years of age'' would seem to leave no doubt of the testator's intention to create a vested legacy with postponed enjoyment.

But the provision that the legacy shall be placed in the hands of a trustee, and the income thereof paid to the legatee semi-annually, makes the intent of the testator doubly certain. Under this provision not only is the legacy to be segregated *instanter* from the rest of the testator's estate, but the legatee receives an immediate beneficial interest therein. Similar provisions have been before the courts in other jurisdictions. See *Eldridge* v. *Eldridge, supra; Equitable Guarantee & Trust Co.* v. *Bowe,* 9 Del. Ch. 336, 82 Atl. 693; *Warner* v. *Durant,* 76 N. Y. 133; *Gifford* v. *Thorn,* 9 N. J. Eq. 702; and *Reed's Appeal,* 118 Pa. 215, 11 Atl. 787, 4 A. S. R. 588.

In *Eldridge* v. *Eldridge,* Shaw, C. J., said: ''But it is a decisive circumstance, in the present case, that the legacy is charged with the support of the legatee during her minority. In the first clause, he directs his son, James, the executor and residuary devisee, to pay to his grand-daughter, Sarah Malvina, $1,000, at twenty-one years of age, and proceeds to direct that she be supported out of it during her minority. If it stood upon this clause alone, it appears to us that the intent would be quite clear, because it creates an immediate beneficial interest in the legatee, and the payment only is postponed.''

In *Equitable Guarantee & Trust Co.* v. *Bowe,* the testator gave to a trustee $10,000 for each of his grandchildren to hold as a trust fund, and ''to pay over the net income for the maintenance and education of said grandchildren until they arrive at the age of thirty years, and as they respectively arrive at the age of thirty years, to pay over to them the share of the principal sum to which they are entitled, free and discharged from all trusts. One of the grandchildren died at the age of 14 years, and it was held that the gift vested and that the administrator of the deceased child was entitled to the legacy. Speaking to this point the court said: ''The principles of law applicable to such a gift are clear and well settled. In bequests of personal estate, a gift of the whole interim interest to or for the benefit of the legatee, *prima facie,* vests the principal, though if such

words had not been used the legacy would not have been treated as vested.''

In *Warner* v. *Durant,* it is said: ''Where the gift is to be severed *instanter* from the general estate, for the benefit of the legatee; and in the meantime, the interest thereof is to be paid to him; that is indicative of the intent of the testator that the legatee shall, at all events, have the principal, and is to wait, only for the payment, until the day fixed.''

In *Gifford* v. *Thorn,* it is said: ''Where the interest of the legacy is directed to be paid to the legatee until he receives the principal, or where the legacy is placed in the hands of trustees for the exclusive benefit of the legatee until it is directed to be paid over, the legacy will be deemed vested.''

In *Reed's Appeal,* it is said: ''And while it is true as a general rule, as before observed, that where the time or other condition is annexed to the substance of the gift, and not merely to the payment, the legacy is contingent; yet it is equally true that a well-recognized exception to the rule is, that where interest, whether by way of maintenance or otherwise, is given to the legatee in the meantime, the legacy shall, notwithstanding the gift appears to be postponed, vest immediately on the death of the testator.''

Other circumstances are called to our attention by the appellant which it is claimed are indicative of the testator's intention to create a vested legacy, but it is needless to consider them, since, notwithstanding the ingenious argument of appellee, we are satisfied from what has already been said that no other conclusion is warranted.

We hold, therefore, that the legacy of $30,000 vested in Sallie Storrs Tate immediately upon the death of the testator and, consequently, that the appellant, as her legal representative, is entitled to receive the same out of the testator's estate.

[6] The appellant insists that since the legatee had the entire beneficial interest in the legacy he is entitled to recover the full amount of the principal at once, and calls attention to numerous authorities that seem to support this view, but the disposition of the petition below was such that the court was not called upon to, nor did it, pass upon this question, hence, it is not before us.

*Decree of the probate court reversed and cause remanded*

*for further proceedings and decree not inconsistent with the views herein expressed. Let the appellant recover his costs in this Court. To be certified to the probate court.*