Per Curiam.

July 11, 1929, John Staats made his will. He died nine days later leaving as his sole distributees three adult married children, Christ Staats, Emma Landow and Minna Clark. The will, clearly prepared by a lawyer, is short, and consists of but two dispositive clauses reading as follows:
“ Second: I give and bequeath to the Niagara County National Bank and Trust Company of Lockport, N. Y., in trust, the sum óf five thousand dollars, to be invested & re-invested and the income, less charges, paid to or for the benefit of my grandson, John Staats, the son of Christ Staats, until he shall arrive at the age of 30 years and then said fund, principal and accumulated interest be paid to him. I repeat this fund bequeathed is $5000.00.
<< Third: The rest, residue and remainder of my estate, I give & bequeath to my three children, Christ Staats, Emma Landow and Minna Clark, share and share alike.”
At the time of the execution of the will the grandson was twelve years of age. He was disabled by infantile paralysis from the time he was seven years of age, but in July 1929, was evidently improving, as he was about to begin walking with *141 the aid of braces and crutches. His physical condition was disclosed by oral testimony taken in aid of the construction made by the learned Surrogate. The grandson died intestate, unmarried, in 1945, at the age of twenty-eight. The record discloses that the appraised value of testator’s estate was between $11,000 and $12,000.
It is from the will itself, in the light of these attendant .circumstances, that the question presented, whether the legacy to the grandson vested in him absolutely at testator’s death, or was subject to the condition of his attaining the age of thirty years, must be determined. If the legacy was conditional, then the Surrogate’s order that the decree to be entered finally settling the account of the trustee direct payment to the residuary legatees and devisees of the testator was correct.
The Surrogate’s conclusion is based, primarily, on the application of the so-called “ divide and pay over ” rule, announced in New York decisions, of which Dickerson v. Sheehy (156 App. Div. 101, affd. 209 N. Y. 592), Matter of Lamb (182 App. Div. 180, affd. 224 N. Y. 577) and Matter of Curtis (252 App. Div. 256, affd. 278 N. Y. 589) are typical.
This rule, however, is not rigid and is subject to exceptions. It is usually applied where the remainder is to be paid to a class, the membership of which cannot be determined until the happening of a future event. Here, the remainderman is named, which is a feature operating against the application of the rule. Again, it is fundamental that the law favors treating remainders as vested rather than contingent (Connelly v. O’Brien, 166 N. Y. 406, 408).
Perhaps the strongest factor repelling the implication that the gift to the grandson was conditional, was the severance of the fund of $5,000 from the rest of the estate. The first dispositive act of the testator was to carve out of his limited property nearly one-half for the benefit of his crippled namesake. While the express words of gift are to the trustee, the clause concluded with the significant statement: “ I repeat this fund bequeathed is $5000.00.” Ordinarily the word “ bequeathed ”, unqualified, in a will connotes the making of a gift of something to somebody more than an estate in trust to someone. Coupling this interpretation with the fact that there was an immediate carving out from the estate of the $5,000 clearly for the benefit of the grandson, then the intention to make an immediate gift of the fund, by such severance, to the grandson, becomes more evident. The importance of this feature, *142 immediate severance, especially where, as here, the entire income of the fund was to be paid to the beneficiary until he reached thirty, is recognized in Warner v. Durant (76 N. Y. 133) and Fulton Trust Co. v. Phillips (218 N. Y. 573).
"Nor do the words “ until ” and “ then ” in the phrase — “ until he shall arrive at the age of 30 years and then said fund, principal and accumulated interest be paid to him ”, necessarily show an intention that the gift was contingent and not absolutely vested. The word “ until ” is used as a preposition or a conjunction. When so used as á conjunction it is frequently followed by “ when ”, and has the meaning “ up to a specified time.” Here, instead of “ when ”, it is followed by the equivalent words “ and then ”. Heading the entire second clause it is evident that the bank was given no interest in the $5,000, except as a trustee, but on the contrary, it is clear that the only person who was given any beneficial interest in the fund was the grandson. Testator entrusted the money to the bank as trustee for the grandson, but limited the duration of that trusteeship up to the grandson’s thirtieth birthday. Up to that time the grandson had no right of possession, although he enjoyed the entire interest from the money. The moment he arrived at the age of thirty he became entitled, not only to the continued use of the money, but to its possession. Significant it is, that the testator made no specific provision for the disposition of this fund in the event the grandson died before reaching thirty. Taking that view of the word “ until ” it merely limited the duration of the trusteeship and did not in any way affect the quality of the grandson’s title to the legacy. Treating “ until ” as a conjunction, followed by “ and then ”, the language of the second clause is surely as consistent with the creation of an absolute vested remainder in the grandson, with the right of possession, only deferred until he reached the age of thirty years, as one that absolute vesting would never occur “ unless ” he reached that age. (Smith v. Parsons, 146 N. Y. 116, 120; Hersee v. Simpson, 154 N. Y. 496, 500; Connelly v. O’Brien, 166 N. Y. 406, 408, supra; Cammann v. Bailey, 210 N. Y. 19; Zartman v. Ditmars, 37 App. Div. 173; Matter of Schmitt, 137 App. Div. 286; Matter of Talbott, 126 Misc. 80, affd. 215 App. Div. 724; Matter of Purdy, 133 Misc. 217; In re Ebbet’s Will, 46 N. Y. S. 2d 828, 845 [not officially published] ; Fox v. Hicks, 81 Minn. 197; Lippincott v. Stottsenburg, 47 N. J. Eq. 21.) The language used in the wills construed in some of the above cases is almost identical with the instant phraseology.
*143 Applying the foregoing rules of construction to this will, we conclude that the grandson’s interest absolutely vested at testator’s death and was not contingent, because of the absence of the usual words of present gift, nor conditional, because the income, only, was payable to him until he reached the age of thirty years, when the principal was to be paid to him.
The decree settling the account of the trustee should direct the trustee to pay this fund to the administrator of the estate of John Frederick Staats. Therefore, the order should be reversed on the law and facts, with costs payable out of the estate and the matter remitted to the Surrogate’s Court for further proceedings in accordance with this opinion.
All concur, except Harris, J., who dissents and votes for affirmance. Present: Dowling, Harris, McCtjrn, Larkin and Love, JJ.
Order reversed on the law and facts, with costs payable out of the estate and matter remitted to the Surrogate’s Court for further proceedings in. accordance with the opinion.